UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

GEORGE ALBERT ROMER, JR.,

    Movant,

v.                                   CIVIL ACTION NO. 5:23-cv-00162
                                     CRIMINAL ACTION NO. 5:19-cr-00293-1

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Pending are Movant George Albert Romer, Jr.'s (1) Motion to Vacate, Set Aside, or Correct Sentence [Doc. 165], and (2) Letter-Form Motion for Appointment of Counsel [Doc. 166], both filed February 24, 2023. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on October 14, 2025. Magistrate Judge Tinsley recommended that the Court deny Mr. Romer's Motion to Vacate, Set Aside, or Correct Sentence and Motion for Appointment of Counsel, and dismiss this matter from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's

right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on October 31, 2025. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 179**], **DENIES** Mr. Romer's Motion to Vacate, Set Aside, or Correct Sentence [**Doc. 165**], **DENIES** Mr. Romer's Motion for Appointment of Counsel [**Doc. 166**], and **REMOVES** this matter from the docket.

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An inmate satisfies this standard by demonstrating reasonable jurists would find that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, Mr. Romer has not made the requisite showing. Accordingly, the Court **DENIES** a certificate of appealability.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: November 24, 2025

Frank W. Volk
Chief United States District Judge